IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE JAMES KING,

        Plaintiff,                     No.  2:12-cv-2940 CKD P

   vs.

TOM BOSENKO, et al..

        Defendants.           <u>ORDER</u>

        Plaintiff is a Shasta County Jail prisoner proceeding with claims against jail employees for violations of rights arising under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).  In his complaint, plaintiff alleges eating meat is outside the tenets of his Buddhist beliefs and defendants denied him an adequate vegetarian diet.  The parties have consented to have a magistrate judge conduct all proceedings in this case.  <u>See</u> 28 U.S.C. § 636(c).  Plaintiff has filed a motion for summary judgment.

        Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made

1

for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Defendants assert plaintiff's motion should not be granted because there is at least a genuine issue of material fact as to whether plaintiff's assertion that he required a vegetarian diet was based on sincerely held religious beliefs. In Shakur v. Schriro, 514 F.3d. 878, 884-85 (9th Cir. 2008) the Ninth Circuit held that in order to establish a violation of the Free Exercise Clause of the First Amendment, a plaintiff must establish that he was precluded from engaging in some exercise rooted in a sincerely held religious belief. The Supreme Court has also held that when analyzing a RLUIPA claim, inquiry into whether a prisoner's asserted religious beliefs are sincere is appropriate. Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13 (2005).

In his complaint, which is signed under the penalty of perjury, plaintiff indicates that he is a Buddhist and that as a Buddhist he requires a vegetarian diet. Plaintiff fails to indicate how long he had been a Buddhist before he requested a vegetarian diet at the Shasta County Jail, why vegetarianism is a tenet of his practice of Buddhism or present any evidence, other than his statement, indicating it actually is. He also fails to present any evidence with his motion for summary judgment.

Plaintiff's mere assertion that he requires a vegetarian diet in furtherance of his Buddhist beliefs is not sufficient to establish as a matter of law that his purported beliefs in Buddhism are sincere and that vegetarianism is a tenet of his religion. Therefore, plaintiff is not entitled to summary judgment with respect to his First Amendment and RLUIPA claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment (ECF No. 30) is denied.

Dated: June 6, 2013

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/king2940.57